**B & B DRYWALL, INC., and Ohio Casualty Group, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (Griffo), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 27, 2001.

Decided Sept. 28, 2001.

Douglas G. Cappellini, Allentown, for petitioners.

John S. Kerdock, Quakertown, for respondent.

Before DOYLE, President Judge, SMITH, Judge, and FLAHERTY, Senior Judge.

DOYLE, President Judge.

B & B Drywall, Inc. (Employer) petitions this Court for review of a Workers' Compensation Appeal Board (Board) order that reversed the decision of a Workers' Compensation Judge (WCJ), which had denied the reinstatement petition of Michael Griffo (Claimant).[1]

The WCJ found the following relevant facts. Claimant was severely injured on August 30, 1988 while working as a drywall finisher for Employer. Employer then issued a notice of compensation payable, in which it agreed to pay total disability compensation to Claimant, who had undergone two back surgeries after his injury. In 1993, Claimant began work with Green Bay Supply, and, in 1995, pur-

---

1. A claimant may pursue the reinstatement of his benefits in accordance with the provisions of Section 413 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 772.

suant to a supplemental agreement that indicated Claimant no longer had a loss of earnings, his compensation was suspended. Nevertheless, Claimant's job with Green Bay Supply was less physically demanding than the drywall finisher job he had with Employer. On May 8, 1997, Claimant lost his job with Green Bay Supply because he could not meet sales quotas. This job loss was not related to his back injury, although Claimant remains restricted in his physical capacities due to his work injury. On August 28, 1997, Claimant started work with Rosenberger's Cold Storage at an average weekly wage that was less than his pre-injury wage. All of the WCJ's findings were based on Claimant's credible testimony.

Claimant sought the reinstatement of his benefits following the loss of his job with Green Bay Supply. Although the WCJ noted that Claimant was entitled to the presumption that his disability is related to his work injury, in reaching his decision denying Claimant's reinstatement petition, the WCJ stated that Claimant's "candid" testimony that his wage loss was unrelated to his work injury rebutted that initial presumption. On appeal, as set forth above, the Board reversed, granting Claimant's reinstatement petition from May 9, 1997 until August 27, 1997, and thereafter modifying his benefits to reflect his return to work at less than his pre-injury wage.

Before this Court, Employer raises one question for our review, *viz.*, whether the Board erred as a matter of law by reversing the WCJ's decision denying Claimant's reinstatement petition because Claimant's loss in earnings did not derive from his work injury.[2]

In asking this question, Employer essentially contends that, because the accepted facts of this case establish that Claimant's loss in earnings was not the result of his work injury, the Board's decision must be reversed, citing *Hertz–Penske Truck Leasing Co. v. Workmen's Compensation Appeal Board (Bowers)*, 546 Pa. 257, 684 A.2d 547 (1996).

In carefully reviewing the matter before us, however, we are satisfied that it is instead controlled by the fairly recent decision of *Stevens v. Workers' Compensation Appeal Board (Consolidation Coal Co.)*, 563 Pa. 297, 760 A.2d 369 (2000), wherein our Supreme Court reconsidered "the issue of the appropriate burden of proof for claimants seeking to have their suspended workers' compensation benefits reinstated." *Id.* at 299, 760 A.2d at 371. In *Stevens*, the claimant sustained a back injury while working for the employer, Consolidation Coal. He returned to school, received an associate's degree, and started work as a private investigator with Interstate Investigations. Because the claimant's pay there was not equal to or greater than his pre-injury wage, however, he received partial disability benefits. After working for Interstate Investigations for three years, the claimant took a job with a different firm, Becker & Company, where his pay was greater than his pre-injury average weekly wage. The claimant's benefits were then suspended by supplemental agreement dated July 14, 1994. He was

---

**2.** In a case such as this one, where the burdened party is the only party to present evidence but still fails to prevail before the fact finder, our standard of review is whether the fact finder capriciously disregarded competent evidence. *Crews v. Workers' Compensation Appeal Board (Ripkin)*, 767 A.2d 626 (Pa. Cmwlth.2001); *Lake v. Workers' Compensa-*

*tion Appeal Board (Whiteford National Lease)*, 746 A.2d 1183 (Pa.Cmwlth.2000). Nevertheless, pursuant to Section 704 of the Administrative Code, 2 Pa.C.S. § 704, we may review errors of law or constitutional violations even where the party with the burden of proof is the only party to present evidence, yet does not prevail. *Crews.*

later terminated from this job in October of 1994 because he could not perform his role to the satisfaction of Becker & Company. Thereafter, the claimant received unemployment compensation benefits, and he was rehired by Interstate Investigations on March 28, 1995. He continued in that job until he was furloughed almost one year later because of lack of work.

The Supreme Court explained that it "granted Consolidation Coal's petition for allowance of appeal to address the applicable burden of proof for reinstatement of benefits where a claimant has not fully recovered from a work-related injury and has been terminated from employment with a different employer based upon unsatisfactory job performance." *Stevens*, 563 Pa. at 302, 760 A.2d at 372. And, in evaluating the question of whether the claimant's benefits should be reinstated, the Court agreed with the claimant "that the legal standard for reinstatement of benefits when a claimant continues to suffer residual effects of a work-related injury should not be restricted to a showing that the loss of a different or modified job was due to the injury." *Id.* at 303, 760 A.2d at 373.

■ The Supreme Court began its analysis by reiterating the standard set forth in *Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990), that, where a claimant seeks reinstatement of benefits after a suspension, he need not establish a causal connection between his current condition and his previous work injury. Rather, the claimant need show only that, while his (physical) disability has continued, his loss of earnings has recurred. *Id.* In order to prove that the reasons for a suspension no longer exist, the claimant must establish both that his earning power is again adversely affected by his (physical) disability through no fault of his own, and that the disability

giving rise to the original claim continues. *Id.* Because there was no question that Stevens' termination from Becker & Company was not due to a lack of good faith in his attempts to perform that job, and because there was also no question that Stevens' work injury hindered him from resuming his time-of-injury position with Consolidation Coal, the Supreme Court determined that he met his burden to show that his work injury continues and that his earning power was again affected adversely by his work injury through no fault of his own. *Id.* at 311. The Supreme Court also held that the reinstatement of Stevens' benefits was proper where there was no evidence to show suitable work that was available to him under the dictates of its decision in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).

■ We now hold, in the matter *sub judice*, that the Board did not commit an error of law when it reversed the WCJ's decision denying Claimant's reinstatement petition. Pursuant to *Stevens*, Claimant's testimony, credited by the WCJ, that he was terminated from his job at Green Bay Supply due to his inability to meet sales quotas does not suffice to deprive him of benefits. There is no question here that Claimant performed that job to the best of his ability; moreover, it is undisputed that Claimant had physical restrictions and was thus precluded from returning to his pre-injury job with Employer at the time of his termination from Green Bay Supply. In these circumstances, Employer's failure to introduce evidence of suitable work that was also available to Claimant after his termination from Green Bay Supply requires us to affirm the decision of the Board.

### ORDER

**NOW**, September 28, 2001, the Order of the Workers' Compensation Appeal Board

in the above-captioned matter is hereby affirmed.